IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs ) | Case No.: 4:18-CR-00129-DGK-11 |
| ) | |
| DARRELL LYNCH, ) | |
| ) | |
| DEFENDANT ) | |

## DARRELL LYNCH SENTENCING MEMORANDUM

COMES NOW Mr. Darrell Lynch, by and through his attorney of record, John Anthony Picerno, and hereby submits this Sentencing Memorandum, pursuant to Rule 32 of the Federal Rules of Criminal Procedure.

Mr. Lynch's and counsel have thoroughly reviewed the Presentence Investigation Report (PSIR) and have discussed all issues with respect to sentencing in this case. This memorandum is respectfully filed to assist this Court in determining an appropriate sentence in this cause. Mr. Lynch's requests a below advisory guideline range sentence of Seventy-Two (72) months.

## I. PROCEDURAL BACKGROUND

On April 17, 2019, Mr. Lynch appeared before U.S. District Judge Greg Kays and entered pleas of guilty to Counts 1 and 16 of a 24-count Indictment. Regarding Count 1, Mr. Lynch entered a plea of guilty to a lesser-included offense which

1

charged that between September 1, 2013, and May 22, 2018, he conspired with others to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Count 16 charged conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (ii) and (h).

The guilty plea was entered pursuant to a written Plea Agreement. The parties agreed the applicable Guideline section for Count 1 is §2D1.1, and Count 16 is §2S1.1, and the counts of conviction are groupable under §3D1.1. The parties further agreed the application of §2S1.1 generates the highest Guidelines level because §2S1.1(b)(2)(B) includes a 2-level increase to the offense level as determined under §2D1.1. The parties agreed that §2D1.1 provides for a base offense level of at least 24. The parties agreed to the following enhancements/reduction: 2-level enhancement under §2D1.1(b)(1) for possessing a dangerous weapon; 2-level enhancement pursuant to §2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance; and 3-level reduction acceptance of responsibility under §3E1.1. The parties acknowledged there may be other applicable enhancements or reductions under the Guidelines and reserved the right to argue the applicability of such enhancements or reductions at sentencing. There was no agreement regarding criminal history. Mr. Lynch also admitted the allegations of forfeiture and agreed to forfeit the property described in the Forfeiture Allegation of the Indictment or a money judgment in an amount to be determined by the Court at sentencing.

2

## II. TOTAL OFFENSE LEVEL

Within the written Plea Agreement, the defendant agreed he was responsible for the distribution of at least 249.69 kilograms of marijuana, and the Probation Office held him accountable for 318.025 kilograms; however, the finding by the Probation Office did not impact the agreed upon drug base offense level of at least 24. Also, the Probation Office applied a 3-level enhancement under §3B1.1(b), for being a manager or supervisor of a criminal activity involving five or more persons, and the Plea Agreement did not include such an enhancement, but the parties agreed there may be other enhancements or reductions, and reserved the right to argue such issues at sentencing.

There is an unresolved issue regarding the PSIR. Defendant objects the addition of 3 levels for his role as a manage or supervisor of a criminal activity that involved five or more participants or was otherwise extensive. Defendant objects a total offense level of 30. Based upon a total offense level of 30 and a criminal history category of IV, the guideline imprisonment range is 135 to 168 months. Defendant maintains that five or more people were not involved in his marijuana sales. (Pg. 20, paragraph 73). Defendant states that the total offense level is 27 (Pg. 20, Paragraph 79), with an advisory guideline range 100-125 months.

### III. SENTENCE TO BE IMPOSED

Pursuant to the plea agreement, the Government has agreed that Mr. Lynch's may seek a departure from the foregoing sentencing guideline range and/or a variance outside the appropriate sentencing guideline range.

Mr. Lynch's respectfully asks the Court to impose sentence of seventy-two (72) months. Mr. Lynch's has accepted responsibility for his unlawful conduct in the furtherance of conspiracy to sell marijuana this case. He provided a full and complete factual basis during the guilty plea hearing. Mr. Lynch's has offered no justification or excuse for his conduct in this matter nor has he tried to minimize his conduct. Mr. Lynch's respectfully requests that this Court grant a variance outside the Guideline Range for reasons set out below.

### **APPLICATION OF 18 U.S.C. 3553(a) FACTORS**

As the Supreme Court has long recognized, it's been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Koon v. United States*, 518 U.S. 81, 113 (1996). With the United States Sentencing Guidelines now rendered advisory only, *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), a district court has substantial discretion in fashioning a sentence appropriate to the individual circumstances of the defendant and the unique facts of the offense. While the Court must consider the guideline range in a

4

case, the Guidelines are not the only consideration. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). *See Kimbrough*, 128 S. Ct. at 564. The Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court determined that district courts must consider all the sentencing factors under 18 U.S.C. 3553(a)(1)-(7) without giving mandatory weight to the sentencing guidelines. As mandated by Congress, the fundamental principle of sentencing is that a court shall impose a sentence **sufficient, but not greater than necessary to meet specified sentencing goals, including the goal of just punishment.**

A district court may not presume that the Guidelines range is reasonable, and instead must make an individualized assessment based on the facts presented, *Gall*, 128 S. Ct. at 597. A district court may now vary from the applicable guideline range based solely on policy considerations, including disagreements with the Guidelines, *Kimbrough*, 128 S. Ct. at 570.

**18 U.S.C. 3553(a)(1):**

**Nature and Circumstances of the Offense**

The Offense Conduct section of this memorandum has described Mr. Lynch's illegal conduct. He has pled guilty and acknowledged his conduct.

5

**History and Characteristics of the Defendant**

Mr. Lynch was initially arrested in the Western District of Washington on May 24, 2018 and subsequently transported to the Western District of Missouri. He was released on bond on July 5, 2018. He returned to his home in Washington and while free for almost fourteen (14) months, he complied with all Court ordered conditions of release.

Mr. Lynch's is 46 years of age, the oldest of three children. Mr. Lynch has been in a long-term relationship with Maria Clow since 2004 and the couple has three children, ages 5, 9, and 13.

Mr. Lynch earned a GED at Highline Community College in December 1994. And most recently has been working for Executive Prints in Tacoma Washington, earing $15 per hour. He has previously worked as a limousine driver, factory worker, and rep cook.

**18 U.S.C. 3553(a)(2): The Need for the Sentence Imposed –**

**(A) To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

**(B) To Afford Adequate Deterrence to Criminal Conduct**

Both concepts set out in (A) and (B) can be achieved with the imposition of a 72-month custody sentence. A review of the criminological literature reveals that to the extent that criminal sanctions do have a general deterrent effect, the certainty (how certain an offender will be deterred) of punishment has a far greater

deterrent effect than the severity of the sanction. *Any* sentence of incarceration, however short, has a significant deterrent effect upon any offender. Title 18 U.S.C. 3553(a)(2)(B)'s directive that the sentence imposed afford adequate deterrence to criminal conduct does not require a lengthy term of imprisonment. The fact that Mr. Lynch's was investigated, prosecuted, and pled guilty for his actions and received a significant prison sentence of 72 months at the age of forty-six (46) should be sufficient to deter potential similarly situated offenders.

**(C)     To Protect the Public from Further Crimes of the Defendant**

Mr. Lynch was released on bond on July 5, 2018. Pretrial services records indicate he has complied with all Court ordered conditions of release. On April 17, 2019, Mr. Lynch entered a plea of guilty and was remanded to the custody of the U.S. Marshals Service pending sentencing.

A 72-month sentence will surely protect the public from further crimes of Mr. Lynch's in the immediate future, and hopefully, he will be rehabilitated to the point where he will not commit any crimes in the future.

**(D)     To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

Given his age, education, and employment history, and substance abuse issues, Mr. Lynch's is candidate for educational, vocational, medical or substance abuse training or other treatment. He has expressed a desire to participate any educational, vocational, and treatment programs that are available to him.

7

**18 U.S.C. § 3553(a)(3): The Kinds of Sentences Available**

18 U.S.C. 3553(a)(3) requires the Court to consider "the kinds of sentences available" in a given case. Here, the Court has available to it a rather lengthy and significant sentence as a form of punishment. Indeed, a sentence of 72 months will allow the Court to both punish Mr. Lynch sufficiently while, at the same time, allowing him the opportunity to be released an age (52-53 years old) where he can attempt to rebuild his life, while restoring the trust of his family and friends.

A total sentence of 72 months would satisfy this sentencing mandate. It is the goal of sentencing to prevent unnecessary incarceration and to limit prison sentences to those individuals who pose the greatest risk to society. As renowned criminologist Norval Morris has consistently argued, and reflective of the recent Supreme Court decisions, when determining punishment, "the least restrictive (punitive) sentence necessary to achieve defined social purposes should be imposed."

**18 U.S.C. § 3553(4), (5): The Sentencing Guidelines Provisions**

Mr. Lynch's conviction alone serves as a general and specific deterrent. In short, there are substantial reasons as to how a 72-month sentence satisfies the concerns of 18 U.S.C. 3553 and the holding in *Booker*. A sentence prison sentence of this duration is consistent with the suggestions herein would serve all the goals of punishment established by the Sentencing Reform Act.

**18 U.S.C. § 3553(6): The Need to Avoid Unwarranted Sentencing Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.**

A 72-month sentence for Mr. Lynch under all the factors set out herein, will not cause a sentencing disparity among similarly situated defendants involved in the sale of marijuana, which has been legalized in at least thirteen (13) states. The guidelines do not take into account the current public opinion and legalization of marijuana.

### IV. CONCLUSION

The U.S. Supreme Court's ruling in *Gall* mandates that district courts should consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Gall*, 128 S.Ct at 598. With respect, Mr. Lynch's history and characteristics provide substantial mitigation to the imposition of an advisory guideline sentence. A sentence of 72 months is sufficient, but not greater than necessary to serve the purposes of sentencing pursuant to 18 U.S.C. 3553(a).

Respectfully submitted,

*/s/ John Anthony Picerno*
John Anthony Picerno MBN: 41861
1301 Oak Street, Suite 605
Kansas City, Missouri 64106
Telephone:   816-471-3330
Facsimile:   816-396-5680
Mobile:       816-694-7726
Email:        JPLaw@JohnPicerno.com
**ATTORNEY FOR DEFENDANT**

9

## CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b) and (d), fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that this Entry of Appearance was electronically filed this 7th day of January 2020, and that a copy was sent to all concerned parties, through the Court's Electronic Case Filing System.

/s/ *John Anthony Picerno*
John Anthony Picerno