# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-00129-11-CR-W-DGK |
| DARRELL LYNCH, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Assistant United States Attorney Alison D. Dunning, in anticipation of sentencing currently scheduled for January 22, 2020, respectfully provides the Court with the Government's sentencing recommendation. As more fully explained below, the Government recommends that this Court exercise its discretion by imposing a sentence of 168 months' imprisonment followed by four years of supervised release. The Government also requests that the Court enter a money judgment pursuant to the forfeiture allegation. Additionally, the Government requests the Court order immediate payment of the $200 mandatory special assessment.

### A. *Procedural History*

On May 22, 2018, a federal grand jury for the Western District of Missouri returned a twenty-four count Indictment charging the defendant and twelve co-defendants with various drug trafficking, firearms, and/or money laundering offenses. On April 17, 2019, the defendant pled guilty pursuant to a written plea agreement to the lesser-included offense of Count One, that is, conspiracy to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, or 100 or more marijuana plants,

regardless of weight, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and Count Sixteen, that is, conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (ii), and (h).  The defendant also admitted the allegations of forfeiture.

## B. *Sentencing Guidelines Calculations*

The defendant's total offense level as reflected in the final Presentence Investigation Report (PSR) is 30 and his criminal history level is category IV.  The advisory Guidelines range is 135 to 168 months.  (¶¶ 79, 95, 122.)

The defendant raised a number of objections to the PSR.  Several of the objections were made to various factual allegations in the PSR.  (*See* PSR Adden.)  Based upon his objections to PSR paragraphs 34 through 37, the defendant objected to the overall drug quantity calculation, arguing that the total quantity of marijuana attributable to the defendant should be approximately 250 kilograms rather than 318.025 kilograms as calculated in paragraphs 63 and 70.  The defendant's objections do not affect the Guidelines calculation in his case as both quantities result in a base offense level of 24.  (Numerous other objections to factual assertions implicate drug quantities, however, the drug quantities were not included by the Probation Office in the calculation of drug quantity in the PSR.  (*See* PSR ¶¶ 39, 44, 45, 47, 49, 54, 57, 64.))

The defendant also objected to the PSR's application of a 3-level enhancement under U.S.S.G. § 3B1.1(b) for the defendant's role in the offense as a manager or supervisor (but not an organizer or leader) in criminal activity that involved five or more participants or was otherwise extensive.  (¶ 73.)  A number of the defendant's objections to factual assertions in the PSR impact the determination of the role enhancement.  However, unobjected to paragraphs of the offense conduct outlined in the PSR support the enhancement.  First, it is clear that the criminal activity

2

involved five or more participants.  Additional unobjected to information establishes that several individuals received, distributed, transported or stored marijuana, or engaged in or coordinated money laundering activities at the defendant's direction.  (¶¶ 17, 19, 20, 21, 38, 45, 48-51, 55.)

Accordingly, the Government agrees that the 3-level role enhancement is properly applied, and the advisory Guidelines range as calculated in the final PSR is correct.

### C. *Sentencing Factors Under 18 U.S.C. § 3553(a)*.

Under federal law, in determining an appropriate sentence, the Court shall consider, amongst other factors, the history and characteristics of defendant.  *See* 18 U.S.C. § 3553(a)(1).  The Court shall further consider the need for the sentence imposed to:  reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(2)(A)-(D).

To properly sentence the defendant, the Court must deduce a "reasonable" sentence which is presumed, but not required to be, within the advisory Sentencing Guidelines, and takes into account the sentencing factors described in 18 U.S.C. § 3553(a).  *United States v. Farmer*, 647 F.3d 1175, 1178-9 (8th Cir. 2011).  In this case, the factors listed in 18 U.S.C. § 3553(a) as to this defendant can be summarized as follows:

#### 1. *Nature and Circumstances of the Offense*.

The nature and circumstances of the offense are summarized in the "Offense Conduct" section of the PSR (¶¶ 6-64), which establishes a wide-ranging conspiracy to distribute large quantities of marijuana and launder drug proceeds.  Notably, the defendant possessed 137.88 kilograms of marijuana, $341,622 in cash, and two loaded firearms in his home at the time of his

arrest. (¶ 42.) These conclusions are unaffected by the defendant's numerous objections to information in the offense conduct section.

### 2. *History and Characteristics of the Defendant.*

The defendant's present conviction is troubling in light of his prior criminal history. The defendant has a lengthy criminal history consisting of multiple municipal, misdemeanor and felony convictions. The defendant has four prior felony convictions including delivery of cocaine and possession of cocaine as a juvenile, and federal convictions in the Western District of Washington for possession with intent to distribute marijuana and social security fraud. (¶¶ 81, 82, 91.)

The defendant's misdemeanor/municipal convictions include convictions for failure to report after written promise to, fail to obey police officer, fail to comply, carrying a pistol, obstructing public officer, placing person in fear, attempted possession of marijuana, reckless driving, possession of marijuana, and unlawful use of drug paraphernalia. (¶¶ 84-90, 92.)

The defendant's present case is the defendant's fourth felony drug conviction, and the circumstances of his arrest and conviction in the present case are particularly similar to his prior federal drug case. (*See* ¶ 91.)

A sentence of 168 months' imprisonment is appropriate considering the defendant's history and characteristics.

### 3. *Seriousness of the Offense/Promote Respect for the Law / Just Punishment.*

In all but one of the defendant's prior convictions, he was sentenced to a fine or a short custody sentence ranging from one day to one year (although in each instance that he was sentenced to a year, his sentence was suspended and he was placed on probation). Only in the defendant's prior federal conviction, which is factually similar to the present offense, was the defendant sentenced to serve an in-custody sentence of longer than a month.

The defendant's supervised release term following his prior federal conviction was revoked twice for violations including new law violations, possession of marijuana, leaving the judicial district without permission, association, failure to report law enforcement contact, and marijuana use (eight times). (¶ 91.)

A sentence of 168 months' imprisonment reflects the seriousness of the offense, will promote respect for the law and will provide just punishment for the offense.

### 4. *Deterrence and Protection of the Public*.

A sentence of 168 months' imprisonment ensures that the public is protected from the defendant. The defendant's past convictions and lenient sentences have not deterred this defendant from committing the most recent crime. Sentencing leniently, in the form of a sentence below the advisory Guidelines range as requested by the defendant, will not serve as a deterrent to this defendant's future criminal conduct.

### D. *The Government's Sentencing Recommendation*.

The Government recommends a sentence of 168 months' imprisonment followed by four years of supervised release. This recommendation will address the sentencing factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By /s/Alison D. Dunning

Alison D. Dunning
Assistant United States Attorney
Special Victims Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

5

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on January 13, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                             /s/Alison D. Dunning
                                             Alison D. Dunning
                                             Assistant United States Attorney